# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MARVIN BENSON,

       Petitioner,       :    Case No. 2:24-cv-03771

  - vs -                           District Judge Michael H. Watson
                                    Magistrate Judge Michael R. Merz

SHELBY SMITH, WARDEN,
 Belmont Correctional Institution,

                                  :

       Respondent.

## MAGISTRATE JUDGE'S INTERPRETATION OF AMENDED PETITION

This is an action for a writ of habeas corpus under 28 U.S.C. § 2254, brought *pro se* by Petitioner Marvin Benson to obtain relief from his convictions in the Guernsey County Court of Common Pleas for murder, involuntary manslaughter, and endangering children (Petition, ECF No. 1).

Petitioner filed his Petition on July 17, 2024, by placing it in the prison mailing system on that date (ECF No. 1, PageID 15).  Because the Petition did not plead Petitioner's claims with sufficient specificity, the Magistrate Judge could not conduct the preliminary review required by Rule 4 of the Rules Governing § 2254 Proceedings and ordered Petitioner to file an amended petition "which gives the Court more detail on his claims and pleads what provision of the United States Constitution is involved." (ECF No. 2, PageID 24-25).

1

Petitioner has now filed an Amended Petition (ECF No. 5) which, with exhibits, comprises 512 pages. The Amended Petition does not at all follow the mandated standard form for habeas corpus petitions. Instead it consists of a narrative of assertions of fact, argument, citations to the attached exhibits, etc.

The Court is mindful of its obligation to construe *pro se* filings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). What follows is the Magistrate Judge's attempt to read the Amended Petition liberally so as to set forth Petitioner's claims as the Court understands them. Petitioner will be given an opportunity to correct the Court's understanding if he believes that is warranted. The Magistrate Judge will then conduct the required preliminary review under Rule 4 and determine what claims, if any, Respondent will be ordered to answer.

**Claim 1.** Ineffective assistance of trial counsel for failure to litigate a motion to suppress Benson's statements to the police (PageID 39-41[1]).

**Claim 2.** Denial of defendant's right to be present at critical stages of the proceedings, his right to self-representation, and his right to an unbiased jury (PageID 42-44).

**Claim 3.** Prosecutorial misconduct by suppressing evidence favorable to the defense (PageID 45-47).

**Claim 4.** Denial of Petitioner's rights to confront his accusers and for compulsory process (PageID 48-50.

**Claim 5.** Petitioner was illegally arrested and coerced to make incriminating statements (PageID 51-53).

**Claim 6.** Cumulative Error (PageID 54-55).

---

[1] The PageID number designates the page number of a document in the Court's electronic record. Use of these numbers in citations to the record is very important for the Court's use of filed documents.

**Claim 7.** Unspecified prosecutorial misconduct (PageID 56)

**Claim 8.** Insufficient evidence PageID 56).

**Claim 9.** Delay in indicting a co-defendant for a year (PageID 56).

**Claim 10.** Void judgment (PageID 56).

Petitioner states that Claims 7-10 "are presented to be placed on the record for preservation for future filings. The records that are needed be attach for these claims have been withheld and has [sic] never been turned over to the defendant still to this day." (PageID 56). Petitioner is hereby advised that this is an invalid move. The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") enacted a statute of limitations for habeas corpus actions under § 2254 which cannot be extended by promising to amend later. On the other hand, if Petitioner does not actually know of the facts underlying additional claims, as opposed to having records with which to prove them, the statute of limitations does not begin to run on these claims until "(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

**Not later than September 15, 2024, Petitioner shall advise the Court if any of the above readings of his claims is somehow a misconstruction.**

**Judicial Notice**

At various points in the Amended Petition, Petitioner asks the Court to take judicial notice of various facts that are not part of the record in this case. Federal Rule of Evidence 201 provides:

> **Rule 201. Judicial Notice of Adjudicative Facts**
>
> **(a) Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

**(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
(1) is generally known within the trial court's territorial jurisdiction; or
(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

**(c) Taking Notice.** The court:
(1) may take judicial notice on its own; or
(2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

None of the facts of which Petitioner has asked the Court to take judicial notice is generally known within this Court's territorial jurisdiction which is generally Ohio from Columbus south. A fact which would qualify for judicial notice under this provision would be, for example, that Sherrod Brown is a United States Senator for Ohio. In contrast Petitioner has asked for judicial notice of the dockets for various courts but has not supplied copies. On the other hand, the Court can take judicial notice of the records of other courts if they are available online if provided with appropriate internet addresses.

**Attached Exhibits and the Official Record**

Petitioner has attached literally hundreds of pages of exhibits to his Amended Petition. With respect to any constitutional claim decided on the merits by the state courts, this Court is limited to consideration of the record that was before the state courts. *Cullen v. Pinholster,* 563 U.S. 170 (2011). The Court has ordered the State of Ohio to file the state court record and its deadline for doing so (September 28, 2024) has not yet expired. A copy of that record will be served on Petitioner when it is filed. If there are additional materials that were in fact before the Ohio courts when it decided this case, Petitioner is welcome to point that out and the Court can

4

expand the record to include them.

August 29, 2024.

s/ *Michael R. Merz*  
United States Magistrate Judge