# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MARVIN BENSON,

        Petitioner,     :    Case No. 2:24-cv-03771

  - vs -                        District Judge Michael H. Watson
                                  Magistrate Judge Michael R. Merz

SHELBY SMITH, WARDEN,
 Belmont Correctional Institution,

                            :
        Respondent.

## DECISION AND ORDER DENYNG MOTION TO COMPEL

This is an action for a writ of habeas corpus under 28 U.S.C. § 2254, brought *pro se* by Petitioner Marvin Benson to obtain relief from his convictions in the Guernsey County Court of Common Pleas for murder, involuntary manslaughter, and endangering children (Petition, ECF No. 1). The case is before the Court on Petitioner's Motion to Compel (ECF No. 21).

The Motion was filed with a box of documents, the first of which is a copy of the letter sent to Petitioner by Attorney Lisa Kathryn Browning, Respondent's trial attorney, dated November 15, 2024, which purports to be the cover letter for the Return of Writ (ECF No. 15) and the State Court Record (ECF No. 14) as sent to Petitioner on that date. The Magistrate Judge orders that the documents referenced in this paragraph not be re-filed by the Clerk as exhibits to ECF No. 21 as doing so would cause confusion: in the course of filing, each page would be given a new PageID number by the CM/ECF system. The Court ORDERS that reference to these

1

documents in this case be to the PageID number assigned upon the original filing by Respondent on November 15, 2024 (See Order for Answer, ECF No. 2, PageID 23-24).

Upon review, the Motion seeks several different kinds of relief from the Court. Those different kinds of relief will be dealt with separately below.

**Demand for Unredacted Copies**

First of all, Petitioner demands that certain documents, already filed as part of the State Court Record (ECF No. 14) be re-filed without the redactions which appear in the filed copies.

The first document allegedly redacted appears at ECF No. 14-1, PageID 1561. That page as sent to Benson under cover of Attorney Browning's letter of November 15, 2024, has no redactions whatsoever. Since Petitioner claims there are redactions in this page and there are none, it may be that he does not understand what a redaction is. The Court understands "redaction" to mean the visual obliteration in a copy of a document of one or more words or symbols which is present in the original. A common example in this Court's practice would be the redaction of a litigant's Social Security number. Because the Court's records are ordinarily public, publishing a litigant's Social Security number would assist identity theft and fraud.

What Petitioner apparently means by "redaction" is that documents referred to at a particular point in the Return of Writ have not been filed as part of the State Court Record. Thus at page 2 of his Motion he complains Respondent has not filed from Cambridge, Ohio, Municipal Court records in that court's Case No. 18 CRA 00434:

> Certificate of transcript, Affidavit for complaint, Complaint, Warrent [sic] for Arrest return, CPD report, Probable Cause checklist, Judgment Entry, Felony Commitment to Jial [sic], Court Order to Appear, DEF's Responsibilities, Affidavit of Indigency,

2

> Magistrate's order Letter to ATTY Blakslsee, Court Order to Appear, Motion to Continue, Motion for Gag Order, Motion for GAG order, Journal Entry, Waiver of Preliminary Hearing, Judgment Entry, Felony Commitment to Jail, Cost Bill.

*Id.* at PageID 3021. The existence of this set of documents is attested by their description in a docket entry of the Guernsey County Common Pleas Court on April 25, 2018, attesting the receipt of these documents from the Cambridge Municipal Court. This is a common or customary set of documents a municipal court forwards to the Common Pleas Court when it "binds over" a defendant after a finding of probable cause at a preliminary hearing or, as happened here, upon a waiver of preliminary hearing.[1]

These documents have been omitted from the State Court Record as filed, not somehow "redacted" from it. The initial obligation of a habeas corpus respondent is to file those parts of the record in the state courts that are set forth in Rule 5 of the Rules Governing § 2254 proceedings. This Court customarily broadens the scope of the record to be furnished, as it did in this case, to include "those portions of the state court record needed to adjudicate this case." (Order, ECF No. 2, PageID 23). The Court has the authority, then, to expand the record as needed. Habeas Rule 7.

In addition to the Cambridge Municipal Court records actually received by the Guernsey County Common Pleas Court, Petitioner seeks:

> Records include the Search Warrant, Search Warrant inventory list of items seized, Evidence Log what was checked in and out, Radio call logs, dispatched [sic] logs.

(Motion, ECF No. 21, PageID 3021). The Court can find no record reference to show that these documents were ever received by the Guernsey County Common Pleas Court. If there was a search warrant issued by a municipal judge, the Court would expect that warrant and a return of that

---

[1] The Court takes judicial notice of this common practice, but also has experience of it as an Ohio municipal judge from 1977 to 1984.

3

warrant to be filed with the issuing municipal court. An evidence log, on the other hand, would ordinarily be kept by the evidence custodian of the relevant police department as would the radio call logs and dispatch logs of the relevant police department.

Petitioner gives the following reasons why these records should be obtained and used to expand the State Court Record in this Court and, not incidentally, furnished to him.

**One** "These records filed are needed to compare with other records, and support Petitioner's claims in his filed Petition." *Id*. From the Court's perspective, this assertion is completely speculative. Petitioner does not even suggest which of these records will support his filed claims.

**Two** "Also records are needed to support Prosecutorial-misconduct of incomplete/altered records filed to appear as true but are not." This claim is thoroughly conclusory with no detail given. What records does Petitioner assert the prosecutor altered and in what ways?

**Three**

> These records will be need[ed] to prove Petitioner's additional claims, as he has no way to cite to them for this Court as they are not submitted. Such as support to Petitioner's illegal arrest claim for the full totality to understand were [sic] there was no probable case [sic] for an arrest.

*Id*. What additional claims? Petitioner pleaded three "blank" claims in his Petition and the Court has already advised him that this is not a procedure which can be used to avoid the statute of limitations.

These are just the assertions of the need for expansion of the record made at page 2 of the Motion (PageID 3021). Pages 3 through 11 (PageID 3022-3030) contain parallel requests, sought for similar purposes.

At page 3 Petitioner seeks documents to show prosecutorial misconduct "by showing conflict of interest in parties involved in this case, including a co-defendant." Later in the same

paragraph Benson asserts "Petitioner and his co-defendant both had custody of there [sic] children." This assertion appears to undergird many assertions made by Petitioner in this case. **There is no co-defendant**. The Indictment names only Petitioner Marvin Benson (State Court Record, ECF No. 14, Ex. 1). At the other end of the trial process, the court entered a judgment of conviction which names only Marvin Benson as a defendant. *Id.* at Ex. 52.

The opinion of the Ohio Fifth District Court of Appeals on direct appeal clarifies what Benson perhaps means by "co-defendant." At trial he had proffered "nineteen witnesses to demonstrate Tiera[2] had a history of violence against W.M., and create a reasonable doubt Appellant was the perpetrator of the blow which caused W.M.'s death." *State v. Benson,* 2020 Ohio App. LEXIS 1196, ¶ 16 (Ohio App. 5th Dist. Mar. 23, 2020), app. review declined, *State v. Benson*, 159 Ohio St. 3d 1477 (2020). Benson's theory at trial was that Ms. Mounts, rather than he, killed her own child, the so-called alternative perpetrator theory.

The trial court excluded evidence of Ms. Mounts abuse of W.M. except for any which could have caused or contributed to the cause of death found by the coroner, a perforated bowel. The Fifth District found harmless error in some of those exclusions, but most were found to have been proper.

Apparently Petitioner's hope in his Motion to Compel is to obtain is to obtain as many records as he can in his attempt to relitigate the criminal case against him. But that is not the function of habeas corpus proceedings. This Court sits to correct constitutional error in the state courts' conviction of Petitioner, and vague conclusory claims of "due process" violations do not suffice to authorize broad discovery.

---

[2] Identified by the Fifth District as Benson's girlfriend Tiera Mounts with whom he lived with his three children, and Tiera's two children, one of whom was W.M., the deceased in this case. *Benson, supra*, at ¶ 3.

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion.  Rule 6(a), Rules Governing § 2254 Cases; Rule 6(a), Rules Governing § 2255 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000).

Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought.  *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996).  The burden of demonstrating the materiality of the information requested is on the moving party.  *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000).  "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460.

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Williams,* 380 F.3d at 974*, citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

At page 11 (PageID 3030) Petitioner confirms the Court's understanding of the box of documents sent to the Court with the Motion to Compel

> Additionally, Attached hereafter is **the** copy of redacted documents
> that was sent to Petitioner.  Petitioner provided the attached as his

6

> proof of the gamesmanship that the Attorney General's Office is trying to pull here. Sending to this Court unredacted documents and sending Petitioner redacted documents.

(ECF No. 21, PageID 3030-31, emphasis supplied). The Court reads this paragraph as stating Petitioner has forwarded to the Court that copy of the State Court Record which the Attorney General sent to him which would imply that, unless Petitioner made a copy of what he sent, he is presently without a copy of the State Court Record as filed.

The Court finds no discrepancy between the State Court Record as filed by the Attorney General and that forwarded by Petitioner and notes particularly that the PageID numbering is continuous throughout both sets of documents. As for redaction in the sense define by the Court above, skimming the documents sent by Petitioner reveals only redaction of personal identifiers consistent with Ohio law.

Accordingly, Petitioner's Motion to Compel is DENIED. If Petitioner wishes to recover the copy of the State Court Record he sent the Court, he may file a motion to withdraw exhibit directed to that set of documents and they will be returned to him at the Court's expense. The November 15, 2024, letter from Attorney Browning to Petitioner which he filed with the box of documents will be retained by the Court and filed as an exhibit to this Order.

January 3, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge
