# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MARVIN BENSON,

        Petitioner,  :  Case No. 2:24-cv-03771

  - vs -          District Judge Douglas R. Cole
        Magistrate Judge Michael R. Merz

SHELBY SMITH, WARDEN,
  Belmont Correctional Institution,

        :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Marvin Benson to obtain relief from his conviction for murder in the Common Pleas Court of Guernsey County, Ohio, in that court's Case No. 18CR098 (Petition, ECF No. 1). This case has recently been reassigned by Chief Judge Morrison from District Judge Michael H. Watson to District Judge Douglas R. Cole (ECF No. 37). Judge Cole in turn has recommitted the case to the undersigned to reconsider in light of Petitioner's Objections (ECF No. 38). The undersigned previously filed a Report and Recommendations ("Report," ECF No. 31).

Petitioner's Grounds for Relief as the undersigned understood them from the Amended Petition are as follows:

> **Claim 1.** Ineffective assistance of trial counsel for failure to litigate a motion to suppress Benson's statements to the police (PageID 39-41).

> **Claim 2.** Denial of defendant's right to be present at critical stages of the proceedings, his right to self-representation, and his right to an unbiased jury (PageID 42-44).
>
> **Claim 3.** Prosecutorial misconduct by suppressing evidence favorable to the defense (PageID 45-47).
>
> **Claim 4.** Denial of Petitioner's rights to confront his accusers and for compulsory process (PageID 48-50).
>
> **Claim 5.** Petitioner was illegally arrested and coerced to make incriminating statements (PageID 51-53).
>
> **Claim 6.** Cumulative Error (PageID 54-55).
>
> **Claim 7.** Unspecified prosecutorial misconduct (PageID 56).
>
> **Claim 8.** Insufficient evidence (PageID 56).
>
> **Claim 9.** Delay in indicting a co-defendant for a year (PageID 56).
>
> **Claim 10**. Void judgment (PageID 56).

**(**Magistrate Judge's Interpretation of Amended Petition, ECF No. 6, PageID 545-46). The Magistrate Judge offered Benson an opportunity to clarify his claims if they had been misinterpreted and Benson responded by accepting the Court's interpretation as to Claims 1 and 2, and adding a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), to Claim 3 (Petitioner's Response, ECF No. 8). Benson makes no statement as to Claim 4. On Claim 5 he refers the Court to his sentencing appeal reported at 2020 Ohio App. LEXIS 1196 (Ohio App. 5th Dist. Mar. 23, 2020). He makes no statement as to Claim 6 and as to Claims 7-10 he states "Petitioner will address these claims and point out to expand later once a copy of State records are served to him as stated by the Court." (ECF No. 8, PageID 554).

      Having considered and rejected Benson's various arguments for expanding the record, the undersigned filed the Report which recommends dismissal of the Petition with prejudice. Benson's objections are considered below.

Benson begins his Objections by declaring

> Petitioner['s] entire habeas 2254 was a mere meaningless ritual if the Report and Recommendations is allowed to stand, as everything Petitioner has filed was never fully read nor considered as Petitioner had even submitted the necessary records to show to this court, at the very least been granted him an evidentiary hearing due.

(Objections, ECF No. 36, PageID 3233).  This claim shows Benson's unwillingness to accept the authority of *Cullen v. Pinholster*, 563 U.S. 170 (2011), which bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." Upshaw v. Stephenson, 97 F. 4th 365, 372 (6th Cir. 2024), quoting Mitchell v. Genovese, 974 F.3d 638, 647 (6th Cir. 2020).  It is not the Magistrate Judge's bias and prejudice which prevents consideration of the documents Benson has submitted, but this firmly established precedent.

Trial courts are obliged to follow precedent set by the Supreme Court and Courts of Appeals.  "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be."  *Hutto v. Davis*, 454 U.S. 370, 375 (1982); *Litman v. Massachusetts Mut. Life Ins. Co.,* 825 F.2d 1506 (11th Cir. 1987).  See *Rodriguez de Quijas v. Shearson/American Express, Inc.,* 490 U. S. 477, 484, (1989), cited for this proposition by Justice Kavanaugh in his concurrence in *Ramos. Ramos v. Louisiana*, 590 U.S. 83 at 115, *et seq.* (2020).

**Ground One:  Ineffective Assistance of Trial Counsel**

In his first Ground for Relief. Benson asserts he received ineffective assistance of trial counsel when his trial attorney refused to claim his statements to police were involuntary because they were made while he was illegally detained.  As the Report notes, this claim was raised on direct appeal and the Fifth District rejected it, finding that Benson went voluntarily to the police

3

station to be interviewed and admitted physically throwing the victim out of the house, causing him to hit his head on concrete. *State v. Benson*, 2020-Ohio-1258 ¶ 44 (5th Dist. Mar. 23, 2020). The Fifth District held that gave the police probable cause to detain him. *Id.* This led to his later admission that he had kicked the child in the stomach, bursting his bowel and causing the peritonitis that killed him. The Fifth District concluded that since the damaging admission was made during a legal detention, a motion to suppress it would probably have been denied and it was not therefore ineffective assistance of trial counsel to fail to make that motion. *Id.* at ¶ 45.

The Report concluded these factual findings were entitled to deference under 28 U.S.C. § 2254(d)(2)(ECF No. 31, PageID 3222-23). Benson spends the large part of his Objections fighting this conclusion. He begins

> Example, the record reflects no matter where you look has been set up and manipulated to look as if Petitioner voluntarily ccompanied officers to the station for questioning. This is a 100% false fact as Petitioner has been saying since day one, but no one is listening to him. Petitioner had no idea he had to point to the ECF records[1] as the records he references to in his claims are indicated to look at his filed Exhibits filed along with his amended petition. Petitioner has filed the truth and facts already in his Amended petitioner, with the withheld documents from him and his defense counsel for his trial [sic].

(Objections, ECF No. 36, PageID 3233). This is followed by nine pages of argument from the transcript of the suppression hearing as to why the Fifth District was wrong in finding Benson went voluntarily to the police station and was lawfully detained after he, in effect, admitted an aggravated assault on the victim (PageID 3233-42). Having considered the record, the Magistrate Judge is not persuaded that a motion to suppress on the basis Benson asserts would have been granted. Therefore the Fifth District's conclusion is not an unreasonable application of *Strickland*

---

[1] In the Order for Answer, the Court expressly provided that record references had to be to the PageID reference in the filed record (Order, ECF No. 2, PageID 23). "All papers filed in the case thereafter by either party shall include record references to the PageID number."

4

*v. Washington,* 466 U.S. 668 (1984).  The Magistrate Judge again concludes Benson's First Ground for Relief is without merit and should be dismissed.

**Grounds Two through Ten**

Respondent asserted that the remaining grounds for relief were procedurally defaulted. The Report accepted that argument, thereby upholding the Ohio courts' conclusion these grounds were barred by *res judicata*.  Benson makes no objection to this conclusion.

Instead, in the Objections, Benson argues that the trial court suppressed his witnesses. Benson cites the Affidavit of Robert Perry who is his father (Affidavit, ECF No. 14-1, PageID 1080, *et seq*.)  The Affidavit was made April 25, 2023, years after the trial, in support of a motion to amend Benson's then-pending petition for post-conviction relief under Ohio Revised Code § 2953.21 (State Court Record, ECF No. 14-1, Ex. 90).  The trial court granted the motion to amend but then denied the amended petition on August 12, 2024. *Id.* at Ex. 100.  Benson appealed and the Fifth District affirmed on the basis of *res judicata*. *State v. Benson,* 2025-Ohio-345 (Ohio App. 5th Dist. Feb. 3, 2025)[2].  Benson's sole asasignment of error on appeal was

> Trial court erred and abused it's [sic] discretion, denying petition 2953.21. failing to review each claim independently and not holding a [sic] evidentiary hearing. [sic] where sufficient operative facts were submitted, to put the conviction in such a different light as to undermind [sic] the confidence in the verdict. the state's entire theory, presented evidence to the grand jury and trial discovery alleged Benson to have solely committed crimes against the decedent and no one else was around in case at bar. even the jury being the sole fact finders of the case, was excluded from examining or hearing of any kind of evidence whatsoever pertaining to the possibility of there being any type of co-defendant. prosecution made this very clear at trail [sic] for the jury, this case does not involve anyone else but two people Benson and the defendant. specifically excluding any culpability of Tiera Rockaway aka [m.] as a co-defendant in the case, to the jury. yet, attorney general for the state presented a complete [sic] different theory to the grand jury

---

[2] Westlaw does not show any appeal to the Ohio Supreme Court

>       a mere year later indicating [sic] Tiera Rockaway aka [M.] on a 33
>       count indictment for murder of the very same decedent, case number
>       19-cr-280, and a negotiated plea was reached as being a co-
>       defendant in case at bar, case number 21-cr-25. The negligence by
>       the state, shows that Benson's due process has been violated where
>       its [sic] mandated that 'all persons be treated equally under law' [sic]
>       this alone doubt's [sic] the conviction against Benson, where his
>       conviction/case has no co-defendant."

Thus Benson's approach on appeal was to attempt to litigate again his claim that it was a denial of due process to fail to indict Tierra Mounts with him and try them together.  As the Report notes, there is no constitutional right to co-indictment.

**Conclusion**

Having reconsidered the case in light of Petitioner's Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 20, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

6

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #